USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/17/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

HARVEY JACKSON,
                Defendant.

---

No. 19-CR-492 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    On June 6, 2019, Defendant Harvey Jackson was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). That same day, Magistrate Judge Gorenstein granted Jackson bail. On December 3, Jackson plead guilty to the indictment. Upon his plea, the Government sought Jackson's detention pending sentence. At sentencing, the Court solicited the parties' positions on whether remand was mandatory pursuant to 18 U.S.C. § 3143(a)(2) following a plea to a § 922(g)(1) charge. Defendant contends that it is not, arguing that this mandatory detention provision no longer applies to a § 922(g) offense. The Government disagrees. At the December 3 hearing, the Court ordered Defendant detained pending the parties' letter briefs on this matter.

    18 U.S.C. § 3143(a) governs whether a defendant, who has been convicted, will be detained pending sentence. Section 3143(a)(1) establishes a presumption of detention "unless the [court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" An exception to this framework is § 3143(a)(2) – the mandatory detention provision. If a defendant is convicted of "an offense in a case described in subparagraph (A), (B), or (C) of" § 3142(f)(1), then the court

"shall order" the defendant detained.¹ 18 U.S.C. § 3143(a)(2). Only subparagraph (A) of § 3142(f)(1), which describes a case involving a "crime of violence," is relevant here.

In 2000, the Second Circuit held that possession of a firearm by a felon, in violation of § 922(g)(1), was a "crime of violence" under § 3142(f)(1)(A). *United States v. Dillard*, 214 F.3d 88, 96-97 (2d Cir. 2000) ("[T]he conclusion that felon-in-possession does not come within the Bail Reform Act's definition of 'crime of violence' would do serious harm to the Act's objectives."). Relying on "the precise words of the Act, coupled with the legislative history," the Second Circuit explained that "the crime of illegal possession of a firearm by a previously convicted felon involves exactly what section 3156(a)(4)(B)" – the provision defining a "crime of violence" for purposes of 18 U.S.C. §§ 3141-3150 – "postulates – a substantial risk of violence." *Id.* at 97, 104.

Following *Dillard*, courts in this circuit have held that, because § 922(g)(1) was a "crime of violence" under § 3142(f)(1)(A), a convicted defendant was subject to mandatory detention pending sentence under § 3143(a)(2). *See United States v. Verkhoglyad*, 516 F.3d 122, 125 n.3 (2d Cir. 2008) ("Having pleaded guilty to a 'crime of violence,' 18 U.S.C. § 3142(f)(1)(A), defendant was subject to mandatory detention pending sentence under the Bail Reform Act, *see id.* § 3143(a)(2)."); *United States v. Feger*, No. 10-CR-346S, 2012 WL 3062676, at *1-2 (W.D.N.Y. July 26, 2012); *United States v. Nelson*, 365 F. Supp. 2d 505, 507-08 (S.D.N.Y. 2005).

---

¹ This mandatory detention provision includes an exception in the event that (1) "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," and (2) "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Here, Jackson does not argue that this exception applies.

2

Based on a recent amendment to § 3142(f)(1), Defendant now argues that § 922(g)(1) no longer constitutes a "crime of violence" under § 3142(f)(1)(A), and thus under § 3143(a)(2). In 2006, Congress added subparagraph (E) to § 3142(f)(1), expanding the list of eligible offenses for pre-trial detention to "any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm." Jackson contends that "the 2006 amendment clearly shows Congress' intent that possession of a firearm in violation of 18 U.S.C. § 922(g) be covered by subsection (f)(1)(E)," not "by subsection (f)(1)(A)." Def.'s Ltr. at 3. According to Jackson, "the text . . . makes clear that Congress intended subsections (A) and (E) to be mutually exclusive," such that "any offense involving the possession of a firearm that is covered by subsection (E) *cannot* also be categorized as a crime of violence under Section 3142(f)(1)(A)." *Id.* Based on this assertion, Defendant argues that a § 922(g) offense now falls under § 3142(f)(1)(E)'s scope and thus cannot trigger § 3143(a)(2)'s mandatory detention requirement.

The Court disagrees. Only two months ago, the Second Circuit reaffirmed *Dillard*, explaining that "[i]t has long been the law of our Circuit that possession of a firearm is unequivocally a crime of violence for purposes of § 3142(f)(1)(A)." *United States v. Watkins*, 940 F.3d 152, 163 (2d Cir. 2019) (holding that *Dillard* "applies with equal force to the crime of possession of ammunition by a convicted felon"). The Second Circuit thus rejected – albeit, implicitly – Defendant's contention that the addition of § 3142(f)(1)(E) silently abrogated *Dillard*'s holding that a § 922(g)(1) offense is a "crime of violence" under § 3142(f)(1)(A).

Nonetheless, Jackson suggests that *Watkins* is not controlling because it did not discuss § 922(g)(1) in the context of § 3143. This is irrelevant. By reaffirming *Dillard* and that § 922(g)(1) remains a "crime of violence" under § 3142(f)(1)(A), the necessary conclusion – due to § 3143(a)(2)'s cross-reference – is that a § 922(g)(1) offense still triggers mandatory detention

3

after a conviction. Defendant also contends that *Watkins* never addressed whether § 3142(f)(1)(A) and § 3142(f)(1)(E) are mutually exclusive. But that argument carries little weight here. By reaffirming *Dillard* and then extending § 3142(f)(1)(A) to cover the "possession of ammunition by a convicted felon," the Second Circuit left no doubt that a § 922(g)(1) offense remains a "crime of violence" under § 3142(f)(1)(A). *Id.*

Defendant's statutory analysis is also unpersuasive. Defendant asserts that "the plain language of the statute makes clear that a Section 922(g) offense is covered by subsection (f)(1)(E), *and not* subsection (f)(1)(A)." Def.'s Ltr. at 5 (emphasis in original). But § 3142(f)(1)(E) applies to "any felony that is *not otherwise* a crime of violence . . . that involves the possession or use of a firearm." 18 U.S.C. § 3142(f)(1)(E) (emphasis added). This language, therefore, expands upon which felonies are covered by the statute. It does not – as Defendant argues – narrow § 3142(f)(1)(A)'s existing scope to preclude coverage of a § 922(g) offense. As the Second Circuit stated in *Watkins*:

> [Section 3142(f)(1)(E)] was likely added to resolve the circuit split over whether possession of a firearm constitutes a "crime of violence" under § 3142(f)(1)(A). *Compare, e.g., Dillard*, 214 F.3d 88 (concluding that possession of a firearm is a crime of violence), *with United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999) (concluding that possession of a firearm is not a crime of violence). This amendment does not affect our Court's decision in *Dillard*, since it was meant only to dispel uncertainty over Congress's intent to make felon-in-possession an eligible offense under § 3142(f)(1).

940 F.3d at 163 n.55. Notably, Jackson offers no case law directly in support of his statutory analysis. Although he refers to transcripts of three plea hearings to demonstrate that "courts in this District have routinely continued defendants' bail after a finding of guilty for violations of 18 U.S.C. § 922(g)," Def.'s Ltr. at 3, none of these transcripts include any discussion of this issue or, specifically, of *Dillard* and the 2006 amendment to § 3142(f)(1).

4

Accordingly, in light of the Second Circuit's holdings in *Dillard* and *Watkins*, the Court concludes that § 922(g)(1) is a "crime of violence" under § 3142(f)(1)(A) and Defendant is therefore subject to mandatory detention under § 3143(a)(2).

SO ORDERED.

Dated:    December 17, 2019
             New York, New York

Ronnie Abrams
United States District Judge